Brinkmeyer v. Browneller et al.

———◆———

## BRINKMEYER v. BROWNELLER ET AL.

MORTGAGE.—*Indemnity for Future Endorsements.—Consideration.—Notice.— Purchaser of Mortgaged Property.*—The several joint owners of certain property executed a mortgage to another, for the purpose of securing him against any loss that he might thereafter sustain by reason of his theretofore having become, and of his thereafter, to a specified amount, becoming, an endorser of the paper of a certain one of such mortgagors; the mortgagee therein binding himself to make such future endorsements. Afterwards, such mortgagee, with notice that the mortgagor for whom he had endorsed had sold and transferred his interest in the mortgaged property to his co-mortgagors, became endorser for such mortgagor, to the amount specified, whereupon, such first endorsements by such mortgagee having been satisfied, such co-mortgagors brought an action against such mortgagee, to cancel such mortgage.

*Held*, that the security afforded by such mortgage, to the mortgagee, on the endorsements he had made prior to the execution of such mortgage, was a valid consideration for his agreement to make such future endorsements; and,

*Held*, that all of such mortgagors must be taken to have had notice of the terms and contents of such mortgage; and, therefore,

*Held*, that such mortgage is ı valid lien upon the mortgaged property, for

the amount of all damages sustained by the mortgagee by reason of such endorsements made after such sale, and can not be cancelled until he has been satisfied therefor.

SAME.—Where such mortgagee has bound himself to make advances or incur liabilities, they, when made, relate back, and such mortgage will be a valid lien therefor, against subsequent purchasers or encumbrancers with either actual or constructive notice of such mortgage.

SAME.—*Optional Advances or Liabilities.*—Where there is no obligation on the part of such mortgagee, and such advances or liabilities are merely optional with him, if he make such advances or incur such liabilities, with notice that the mortgaged property has been purchased or encumbered by another, the latter is not bound by such mortgage.

From the Vanderburgh Circuit Court.

*C. Denby, D. B. Kumler* and *S. R. Hornbrook,* for appellant.

*J. M. Shackelford, G. Palmer, R. D. Richardson, A. Iglehart, J. E. Iglehart, J. S. Buchanan, H. C. Gooding* and *C. Buchanan,* for appellees.

WORDEN, C. J.—Action by the appellees, against the appellant, to procure a cancellation of certain mortgages. Answer by the appellant, to which a demurrer for want of sufficient facts was sustained, and exceptions. Judgment for plaintiffs. Error is assigned upon the ruling on the demurrer.

The material facts, on which the question here involved rests, relate to only one of the mortgages, and are, so far as stated in the complaint, as follows:

On December 29th, 1868, Emanuel Grayville, Frederick Browneller and Anton Helbling, who then owned the property as partners, executed a mortgage on certain real and personal property, to the appellant, Brinkmeyer. The condition of the mortgage is as follows, the mortgagors being named as the parties of the first part, and Brinkmeyer as the party of the second part, viz.:

" The conditions of this mortgage are such, that whereas the said party of the second part is bound and liable, as the endorser and surety of the said Anton Helbling, on a certain promissory note executed by Helbling, on the 15th

day of September, 1866, due twelve months after date, and made payable to the order of Maria Brinkmeyer, for the sum of twenty-four hundred dollars, ($2,400) with ten per cent. interest from date thereof; and whereas the party of the second part is also endorser and surety for the said Anton Helbling, on a certain note, executed to Archer & Co., of the city of Evansville, which note will mature on the 2d day of January, 1869, for the sum of seven hundred and twenty dollars ($720); and whereas the firm of A. Helbling & Co., composed of the said Anton Helbling, F. Browneller and E. K. Grayville, desire the said party of the second part to endorse and become liable upon their paper, notes, bills and acceptances to banks and individuals, to an amount not to exceed eight thousand dollars ($8,000); and whereas the said Anton Helbling desires the said party of the second part to endorse and become liable upon his paper, notes, bills and acceptances to banks and individuals, for an amount not to exceed four thousand dollars ($4,000); and the said party of the second part having agreed to become the endorser for said A. Helbling & Co., and the said Anton Helbling, upon their paper, notes, bills and acceptances, for sums of money not to exceed the amounts aforesaid; and whereas it may be necessary for the said party of the second part to become the endorser and surety of the aforesaid parties of the first part, in the renewal of their paper, notes, bills and acceptances aforesaid:

"Now, the purpose of this mortgage is to secure, save harmless and indemnify the said Brinkmeyer, the party of the second part, against all loss and damage, as the surety and endorser of said Anton Helbling, upon the note of Maria Brinkmeyer, for twenty-four hundred dollars, as aforesaid; and, also, to secure, save harmless and indemnify the said Brinkmeyer, the party of the second part, against all loss and damage as endorser and surety upon the paper, notes, bills and acceptances of the said A. Helbling & Co., and upon all renewals of any such notes,

bills and acceptances, to either banks or individuals, to an amount not to exceed eight thousand dollars, as aforesaid; and, also, to secure, save harmless and indemnify the said party of the second part against all loss or damage, as the endorser and surety upon notes, bills and acceptances of the said Anton Helbling, and all renewals of the same to banks or individuals, to an amount not to exceed four thousand dollars, as aforesaid. And for the better securing of the party of the second part, against all loss, the said parties of the first part bind themselves to keep all the property herein specified, which may be liable to be destroyed by fire, fully insured in good and solvent insurance companies, and this is made an express condition of this mortgage; and it is further agreed, that said parties of the first part have possession of all said property, and continue to carry on the foundry business, in manufacturing and selling; and, on the happening of any one of the following contingencies, the said Brinkmeyer, the party of the second part, may, at his option, institute legal proceedings to foreclose this mortgage,—or, without legal proceedings, may enter in and take possession of so much of said mortgaged personal property as he may consider necessary to indemnify and save himself harmless, as endorser and surety upon the notes, bills and acceptances of either the said A. Helbling & Co., or the said Anton Helbling, or both, which the said party of the second part has, or may hereafter, become liable for; that is to say, in case any of the notes, bills or acceptances on which the said party of the second part is now, or may hereafter become liable, are not paid or renewed at maturity, or, in case the said parties of the first part shall fail to keep said property insured as aforesaid, then a right of action, or a right to take possession, immediately shall accrue to the said party of the second part. Now, it is further agreed, that, in the event of a foreclosure of this mortgage, the said parties of the first part shall pay all costs and expenses of such foreclosure." *    *    *    *

It is alleged, that in May, 1870, the partnership was dissolved, with the knowledge of Brinkmeyer, and Helbling retired from the firm, and sold out his interest in the assets, to the remaining partners, Browneller and Grayville, and that in pursuance of the terms of the dissolution, Helbling conveyed to Browneller and Grayville, his interest in the real estate in controversy, Browneller and Grayville assuming the payment of the liabilities of their predecessors. It is also alleged, that at the same time Browneller and Grayville executed a certain mortgage to Brinkmeyer, but as this last named mortgage was not given to secure Brinkmeyer on his endorsements for Helbling, as hereinafter shown in Brinkmeyer's answer, it seems to have no importance in the case, and will not be further noticed. That Brinkmeyer had notice of the respective transactions and conveyances, at the time they were respectively had and made. That the condition contained in the mortgage of December 29th, 1868, for securing Brinkmeyer on his endorsements for Helbling, not exceeding four thousand dollars, was for the accommodation of Helbling; and that Grayville and Browneller mortgaged their share of the property, so far as it regards the purpose of such security, solely as the sureties of Helbling, as Brinkmeyer well knew. That all liabilities, of whatever kind, contemplated by the last mentioned provision, and undertaken by Brinkmeyer, for Helbling, on the footing thereof, prior to the dissolution of the partnership and the transfer, by Helbling, of his interest in the property, to Grayville and Browneller, have been fully discharged and satisfied. That the plaintiffs have frequently applied to Brinkmeyer to cancel the mortgages, so far as regards the lands now owned by the plaintiffs, which he refuses to do.

The answer of Brinkmeyer is as follows:

"Now comes the said defendant, Frederick W. Brinkmeyer, and, for his separate answer to the amended first paragraph of the complaint, says, he admits that the said mortgage in the complaint mentioned, of which a copy is

marked exhibit 'A,' and the said mortgage, a copy of which is marked exhibit 'F,' ought to be cancelled and satisfied; and as to the said mortgage, marked exhibit 'D,' and dated December 29th, 1868, he says the same still remains in force, and that the indebtedness thereby secured is still unpaid; that, by the terms thereof, the tracts of land therein described were mortgaged to the said Brinkmeyer, by the said mortgagors, to secure, save harmless, and indeminify the said Brinkmeyer, against all loss and damage as the surety and endorser of said Anton Helbling, upon notes, bills and acceptances of the said Anton Helbling, and all renewals of the same to banks or individuals, to an amount not to exceed four thousand dollars; and the said mortgage further provides, that the said defendant might institute legal proceedings to foreclose the same, to indemnify and save himself harmless as endorser and surety upon the notes, bills and acceptances of either the said A. Helbling & Co., which firm was composed of A. Helbling, F. Browneller and E. K. Grayville, or the said Anton Helbling, or both, which the said Brinkmeyer had then, or might thereafter, become liable for; that is to say, in case any of the said notes, bills or acceptances, on which the said Brinkmeyer was, at the time of the execution of said mortgage, liable, or might thereafter become liable, were not paid or renewed at maturity, then the right to foreclose said mortgage should immediately accrue to said Brinkmeyer. And he further says, that by the terms of said mortgage, he agreed and bound himself to become the surety of said Helbling, on his notes, bills and renewals thereof, to the amount of four thousand dollars; and said Brinkmeyer says, that in consideration of the delivery to him of said mortgage, and for no other consideration whatever, and in pursuance of said agreement in said mortgage, and on the demand of said Anton Helbling, he endorsed and became the surety of said Helbling upon notes and bills in the sum of four thousand dollars, the whole of which, (except about four .hundred

dollars still outstanding,) as per bill of particulars filed herewith as part hereof, and marked exhibit 'A,' said Brinkmeyer has been compelled to pay, and did pay, as the surety of said Anton Helbling, whereby a right of action has accrued to him upon the mortgage aforesaid, for the sum of four thousand dollars; and said Brinkmeyer says, that said sum of money is still due to him, from Helbling, wherefore he asks judgment," etc.

The case made by the pleadings may be stated briefly as follows:

Grayville, Browneller and Helbling were the owners of certain property, and they executed a mortgage upon it, to Brinkmeyer, for the purpose, amongst other things, of securing the latter against any loss that he might sustain by reason of becoming thereafter the endorser of the paper of Helbling, to the amount of four thousand dollars, Brinkmeyer agreeing, for a valuable consideration, to endorse for Helbling to an amount not exceeeding the sum named.

Afterwards, Helbling conveyed his interest in the mortgaged premises, to Grayville and Browneller, of which Brinkmeyer had notice. After this, Brinkmeyer, in pursuance of the original agreement, and upon the demand of Helbling, endorsed for the latter to the amount of four thousand dollars, the most of which he has been compelled to pay, and the residue of which is still outstanding.

The question arising is, whether Brinkmeyer has a lien upon the mortgaged premises, by virtue of the mortgage, as an indemnity against the loss and liability incurred by endorsing for Helbling, after the latter had transferred his interest in the mortgaged premises to Grayville and Browneller.

We shall not enter upon any lengthy discussion of the general doctrine applicable to mortgages given to secure future advances. The following propositions, however, we think, are settled by the authorities:

First. Where the mortgagee has bound himself to make

advances or incur liabilities, such advances, when made, shall relate back, and the mortgage will be a valid lien for advances made or liabilities incurred, against subsequent purchasers or encumbrancers with notice, actual or constructive, of the mortgage.

Second. Where there is no obligation on the mortgagee, and such advances or liabilities are merely optional with him, and he has actual notice of a subsequent encumbrance or conveyance of the mortgaged premises, before making advances or incurring liabilities, his lien is not good, as against the subsequent purchaser or encumbrancer. See 11 Am. Law Reg., N. S., 273, and authorities there cited.

The case of *Ladue* v. *The Detroit, etc., R. R. Co.*, 13 Mich. 380, is an exhaustive one, in which the authorities are extensively examined, both by the counsel and the court. CHANCELLOR KENT (4 Kent Com. 175) says :

"So, a mortgage or judgment may be taken, and held as a security for future advances and responsibilities to the extent of it, when this is a constituent part of the original agreement; and the future advances will be covered by the lien, in preference to the claim under a junior intervening incumbrance, with notice of the agreement."

But the appellees insist that there was no valid consideration for Brinkmeyer's agreement to endorse for Helbling, and that it was entirely optional with him to do so or not, and, therefore, that the case falls within the second proposition above stated. The case must turn upon this question.

We think, however, there was an ample and valid consideration for Brinkmeyer's promise, appearing on the face of the transaction, which was the indemnity he acquired by the mortgage, against his liability on the note to Maria Brinkmeyer and the note to Archer & Co. Brinkmeyer, by his promise to endorse, in the future, for the firm of A. Helbling & Co., and for A. Helbling, as stipulated for, obtained an indemnity against an existing

liability, which he did not otherwise possess. By the mortgage, he obtained, not only "security for the future," but, "indemnity for the past." Without the mortgage, if Brinkmeyer had been compelled to pay the notes to Maria Brinkmeyer and Archer & Co., he could only have looked to Helbling for repayment; but, by the mortgage, he obtained a lien, as an indemnity, upon the property mortgaged, belonging to the entire firm. The security which he obtained in respect to his previous liability was an ample consideration for his agreement to endorse in the future for both the firm and for Helbling.

We have considered the case as if the firm had conveyed the property to a third person, having notice, actual or constructive, of the mortgage, before Brinkmeyer had endorsed for Helbling. We need not, therefore, determine whether Grayville and Browneller occupy the same position in respect to the property, that a third person would, if he had bought it from the firm, with notice of the mortgage. They occupy no better position, to say the least. In respect to notice, they, having with Helbling made the mortgage, must be taken to have had notice of it, as well as of its terms and contents.

We are of opinion, on the case made, that the appellant has a lien on the property, as against the appellees, by virtue of the mortgage, as an indemnity or security for whatever he may have paid, or for whatever he may be liable, on his endorsements for Helbling, as set up in, the answer, and that the court erred in sustaining the demurrer to the answer.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

Petition for a rehearing overruled at the May term, 1877.