Bowen *et al. v.* Ratcliff, Assignee.

No. 17,283.

BOWEN ET AL. *v.* RATCLIFF, ASSIGNEE.

140  393
141  312

MORTGAGE.—*Description of Debt Secured.*—A mortgage, to be valid, must in some way describe and identify the indebtedness it is intended to secure. Literal accuracy is not required, but the description of the debt must be correct so far as it goes, and full enough to direct attention to the sources of correct information in regard to it, and be such as not to mislead or deceive as to the nature or amount of it, by the language used.

SAME.—*Renewal of Notes.*—*Note Given for Debt Not Secured by Mortgage.*—A note given in renewal of another note not described in the mortgage can not be considered as secured by such mortgage; nor is a note given for an indebtedness not secured by a mortgage.

SAME.—*Amount of Recovery on Foreclosure, When Amount Not Specified in Mortgage.*—Where the amount of the indebtedness is not specified in the mortgage, the mortgagee, on a foreclosure, is entitled to recover only so much as he shows affirmatively is due.

From the Carroll Circuit Court.

*M. Winfield, R. C. Pollard, C. R. Pollard* and *C. E. Taber,* for appellants.

*W. C. Smith, G. W. Julien* and *M. A. Ryan,* for appellee.

MONKS, J.—Harvey J. Ball made an assignment under the law to appellee, Abner Ratcliff, his assignee. Ratcliff, as assignee, on the 1st day of January, 1894, filed his petition, in the Carroll Circuit Court, asking for the sale of the following described real estate in Carroll county, Indiana, to wit:

The northwest fractional quarter of section 31, township 24 north, range 1 west, containing 147$\frac{12}{100}$ acres of land. He made the appellants, Abner T. Bowen, John A. Cartwright and Edward W. Bowen, a firm doing business under the name and style of A. T. Bowen & Co., and a firm doing business under the name and style of the Citizens' Bank, defendants to his petition, alleg-

ing in his petition that Harvey J. Ball had executed a mortgage to the Citizens' Bank of Delphi, Indiana, bearing date of the 4th day of October, 1892, for the sum of $1,500, with eight per cent. interest; that the same became due on the 4th day of September, 1893; and one mortgage executed by Harvey J. Ball and wife to the said A. T. Bowen & Co., bearing date March 2, 1893; that the said mortgage executed by Harvey J. Ball and wife to the said A. T. Bowen & Co. does not set forth the amount secured by said mortgage, and your petitioner does not know what said mortgage secures; that the said Citizens' Bank and the said A. T. Bowen & Co. also held a large amount of notes which were assigned to them by the said Harvey J. Ball as collateral security, and he makes the said A. T. Bowen & Co.'s bank and the Citizens' Bank parties hereto, that the amount of their liens may be ascertained and fixed by the court; and that he be authorized to pay the amount found due the said Citizens' Bank and the said A. T. Bowen & Co. out of the proceeds of said sale.

Other lien-holders were also made parties, and the petitioner asks the court that the defendants, including appellants, be required to answer the petition and to set up the amounts of their liens.

Appellants appeared and filed answer. The substance of the answer is that appellants held several notes signed by the said Harvey J. Ball with others.

One dated February 21, 1893, due one month after date, for $1,434.98, upon which has been paid different amounts.

Two notes for $200 each, dated July 1, 1889, due on the 1st of January after date, which had been assigned in writing to appellants.

One note, dated March 10, 1893, due two months after date, for $840.60, with interest.

One note, dated December 22, 1890, due one year after date, for $461, with interest at the rate of eight per cent.

One note, dated March 12, 1890, due seven months after date, for $147.87, with interest.

One note, dated March 10, 1893, due in three months after date, for $1,000, with interest, upon which some payments had been made.

One note, dated November 19, 1888, due in nine months from date, for $100, assigned to appellants in writing, with attorney's fees.

One note, dated January 2, 1892, due on the first day of September, 1892, for $35, with interest, and assigned to appellants.

One note, dated January 2, 1892, due the first day of January, 1893, for $35, with interest, and assigned to appellants.

That all of these notes were secured by a mortgage upon the land described in the petition, executed by the said Harvey J. Ball and Eunice A. Ball, his wife, on the second day of March, 1893.

The description in the mortgage is as follows:

"Harvey J. Ball and Eunice A. Ball, his wife, of Carroll county, State of Indiana, mortgage and warrant to A. T. Bowen and Company, of Carroll county, in the State of Indiana, the following real estate in Carroll county, in the State of Indiana, to wit: (describing the land) and to secure any notes that may be given for renewal of said notes or any part thereof, or for interest thereon, and any future advances or other indebtedness due or that may hereafter become due, the mortgagees or either of them from the mortgagors or either of them, to the amount of $10,000."

The answer avers that appellants admit they have and hold a lien on the real estate described in said peti-

tioner's petition in the sum of $3,999.90; that the same consists of promissory notes made, executed and delivered by the said Harvey J. Ball upon different occasions, and at different times to the said A. T. Bowen & Company, and upon certain notes that were executed by the said Harvey J. Ball to different parties, and assigned by said parties, in writing, to the said A. T. Bowen & Company, and upon certain other notes which were by the said Ball assigned, in writing, to said appellants herein; all of which notes are long since due, and remain wholly unpaid. Copies of each of said notes and the mortgage securing the same are each filed with and made a part of the answer, and that said notes were given for renewal of certain notes which were surrendered up at the time of the giving and assigning the notes to said Bowen by said Ball, and for other indebtedness due said Bowen and for advancements made to said Ball; appellants aver that said mortgage was duly recorded on the 30th day of March, 1893, in the records of the recorder's office, of Carroll county, Indiana; that said notes are secured by said mortgage. And appellants ask in their answer that their lien be ascertained and protected in the decree ordering the sale of the property, and that the same be paid out of the proceeds of the sale. Appellee, Ratcliff, filed a demurrer to appellants' answer, which was sustained by the court, to which ruling appellants reserved an exception.

The court thereupon rendered judgment against appellants for costs, and ordered that said real estate be sold by said assignee. The objection urged to the answer of appellants was that there is no sufficient description of the debt secured by the mortgage.

A mortgage, to be effective, must in some way describe and identify the indebtedness it is intended to se-

cure. *Philbrooks* v. *McEwen*, 29 Ind. 347; *Brick* v. *Scott*, 47 Ind. 299.

Literal accuracy in describing the debt secured by the mortgage is not required, but the description of the debt must be correct so far as it goes, and full enough to direct attention to the sources of correct information in regard to it, and be such as not to mislead or deceive, as to the nature or amount of it, by the language used. *New* v. *Sailors*, 114 Ind. 407; *Ogborn* v. *Eliason*, 77 Ind. 393; *Ætna Life Ins. Co.* v. *Finch*, 84 Ind. 301; Jones Mortgages, section 70, 343.

In *New* v. *Sailors, supra*, this court said: "It is essential that the character of the debt and the extent of the incumbrance should be defined with such reasonable certainty as to preclude the parties from substituting other debts than those described, thereby making the mortgage a mere cover for the perpetration of fraud upon creditors." *Pettibone* v. *Griswold*, 4 Conn. 158.

An examination of the clause of the mortgage describing the indebtedness secured leads to the conclusion that the description of the indebtedness is not complete, that something is omitted. The clause is, "And to secure any notes that may be given for renewal of said notes or any part thereof, or for any interest thereon, etc." The notes referred to by the words "Said notes," are not described in the mortgage, and are, therefore, not secured thereby; that being the case, no notes given in renewal thereof would be secured by the mortgage held by appellants, under the allegations in the answer. The words "or other indebtedness due or that may hereafter become due, etc.," must be held to mean indebtedness other than future advances, or indebtedness evidenced by promissory notes.

The mortgage thus construed, in the light of the allegations in the answer, secures no indebtedness which,

was evidenced by promissory notes when the mortgage was executed. There are, however, two notes filed with and made a part of the answer, dated March 10, 1893, one calling for $840.60 and the other $1,000. These notes were given after the mortgage was executed. The answer alleges that the notes filed therewith and made a part thereof "were given for advancements made to said Ball." This allegation could only apply to the two notes mentioned, and if they were given for advances made after the execution of the mortgage and on the faith thereof they are secured by it, but if given for, or in renewal of indebtedness not secured by the mortgage, they are not secured by it.

Under the allegations of the answer, none of the notes filed with and made a part thereof come fairly within the terms used in the mortgage, except the two described. How much this could be changed by averment and explained by extraneous evidence, we need not and do not decide. *New* v. *Sailors, supra.*

We think the two notes dated March 10, 1893, were sufficiently described in the mortgage aided by the allegations in the answer to render said answer good against the demurrer.

Whether the two notes named are secured by the mortgage can be determined from the evidence when the cause is tried. The rule in this class of cases is that the mortgagee is entitled to recover only so much as he shows affirmatively is due. Any doubt or uncertainty should operate against the mortgagee and not in his favor. *Kline* v. *McGuckin*, 25 N. J. Eq. 433; 1 Jones Mortgages, section 378.

For the reasons given, the court erred in sustaining the demurrer to appellants' answer.

Judgment reversed, with instructions to overrule the

demurrer to appellants' answer and for further proceedings in accordance with this opinion.

Filed Feb. 28, 1895.