**Virginia Gayle DICUS,
Defendant-Appellant,**

v.

**RIPLEY COUNTY BANK, OSGOOD,
INDIANA 47037, Plaintiff-Appellee.**

**No. 1–684A135.**

Court of Appeals of Indiana,
First District.

Dec. 20, 1984.

Rehearing Denied Jan. 31, 1985.

Robert J. Ewbank, Ewbank, Meyer & Kramer, Lawrenceburg, for defendant-appellant.

Gay & McCombs, Versailles, for plaintiff-appellee.

## STATEMENT OF THE CASE

NEAL, Presiding Judge.

Defendant-appellant, Virginia Gayle Dicus (Virginia) appeals a decree of foreclosure entered by the Ripley Circuit Court on real estate owned by her in favor of Ripley County Bank (Bank).

We affirm.

## STATEMENT OF THE FACTS

On June 24, 1975, Donald Wayne Dicus (Donald), the former husband of Virginia, and the sole owner of residential real estate, executed a note and mortgage to the Bank in consideration of a loan, which mortgage contained a future advance clause to the effect that the mortgage secured any indebtedness to the Bank "now existing or hereinafter incurred". As relevant here, two additional notes for loans were executed by Donald to the Bank dated March 22, 1982 and December 11, 1982, respectively, which notes made no mention of their secured status. The marriage of Donald and Virginia was dissolved in April of 1983, and Virginia was awarded the real estate subject to the mortgage. Virginia had not been a party to the loan and mortgage transactions.

On June 1, 1983, the Bank filed its complaint for non-payment of the three above-mentioned notes and to foreclose the mortgage. Thereafter, Donald filed his petition in bankruptcy. The Bank then, on June 22, 1983, filed its claim on the above three notes, indicating they were secured by the mortgage. One month later, on July 22, 1983, the Trustee in bankruptcy filed his report stating that he had received no property, disbursed no money, and that nothing was available for distribution. The report was approved, the trustee was discharged, and the bankrupt estate was closed. The record does not disclose that any action whatsoever was taken on the claim, a mortgage, or future advance notes. The original foreclosure action thereafter proceeded to judgment which was entered on February 2, 1984.

## ISSUES

Virginia essentially argues on appeal that the mortgage and lien were void because of non-compliance with the Truth in Lending Act by the Bank and the lack of intent by Donald that the future advance notes be secured by the mortgage. She specifies the issues as follows:

I. Was the judgment and decree of foreclosure of real estate mortgage contrary to law in that the plaintiff failed to make a disclosure in accordance with Regulation Z, Sec. 226.18(m)(5) [1] of the Truth in Lend-

---

1. Our research does not reveal an (m)*(5)* regulation; however, it is unnecessary to our decision anyway.

ing Act, 12 C.F.R. 226, to the defendant-mortgagor, Donald Wayne Dicus.

II. Was the judgment and decree of foreclosure of real estate mortgage contrary to law in that the defense of the defendant, Virginia Gayle Dicus, of nondisclosures in accordance with Regulation Z, Sec. 226.-18(m)(5) of the Truth in Lending Act, 12 C.F.R. 226 was disregarded by the Court.

III. Was the judgment and decree of foreclosure of real estate mortgage an error or law and contrary to the evidence in that the court disregarded the intent of the defendant, Donald Wayne Dicus, as to the application of the mortgage to secure subsequent loans.

IV. Was the judgment and decree of foreclosure of real estate mortgage contrary to law in that it disregarded the rules of equitable discretion in granting relief to the plaintiff who came to court with "unclean hands" by not complying with the disclosure requirements of Regulation Z, of the Truth in Lending Act, 12 C.F.R. 226.

## DISCUSSION AND DECISION

■ We first remind Virginia that we do not presume that the trial court committed error, but presume that the trial court correctly applied the law. It is the appellant's burden to demonstrate wherein the trial court erred. *Matter of V.M.S.*, (1983) Ind. App., 446 N.E.2d 632.

Issue I and II: *Truth in Lending.*

■ Virginia argues that when the Bank entered into the loan and mortgage transactions in 1975 and in 1982, it failed to comply with the Truth in Lending Act, 15 U.S.C., Sec. 1601, *et seq.* and the regulations thereto, specifically Sec. 226.18(m), by not disclosing to Donald the realities of the future advance clauses. Therefore, the mortgage lien is void as to the original as well as the future advance notes. We disagree. Virginia mistakes the remedy provided by that act.

15 U.S.C., Sec. 1631, *et seq.*, provides in effect that a creditor has a duty to disclose to the consumer certain enumerated facts regarding the loan transaction, including the right to rescind the transaction until midnight on 3rd business day following the consummation of the transaction, or the delivery of the disclosures, whichever is later. 15 U.S.C., Sec. 1635(a). When the creditor exercises his right to rescind, he is not liable for finance or other charges and the security interest becomes void. 15 U.S.C., Sec. 1635(b). Certain procedures are provided and duties are required by the creditor and obligor by which the parties are then returned to status quo, including the return of the loan to the creditor. *Id.* An obligor's right of rescission is terminated after the expiration of three years from the date of the transaction, or sale, whichever occurs first, notwithstanding the fact that the disclosures required were not delivered to the obligor. 15 U.S.C., Sec. 1635(f). Though civil liability is available as a means of recourse in addition to the right of rescission, there is no forfeiture of the creditor's right to collect the loan, except where a rescission notice is given and the creditor obdurately refuses to follow statutory procedures to return the parties to status quo. 15 U.S.C., Sec. 1635(b).

Federal courts construing the act have held that the purpose of the rescission is to return the parties to the position they occupied prior to the transaction. Even when the obligor has timely rescinded, he must return the principal of the loan. *See Bustamante v. First Federal Savings and Loan Association,* (5th Cir.1980) 619 F.2d 360; *Mitchell v. Security Investment Corp. of the Palm Beaches,* (S.D.Fla.1979) 464 F.Supp. 650; *Dougherty v. Hoolihan, Neils and Boland,* (D.Minn.1982) 531 F.Supp. 717, as construing the act and sustaining the propositions outlined above.

■ The record does not disclose any rescission or attempted rescission at all, by any person. Rescission is necessary to set in motion any remedies under the statute and regulations. Therefore, no relief can be expected by virtue of the Truth in Lend-

ing Act. Additionally the time for rescission of the original loan had expired on June 24, 1978. Though not necessary for this decision, it could be argued that the transfer of the property to Virginia terminated the right to rescind. It certainly can be inferred that the drafters of the act intended that rights thereunder were personal and did not attach themselves to the mortgage on real estate. Further, Virginia was not a party to any of the loans and was not entitled to disclosure under the act. She has made no attempt to demonstrate to us how she, as a subsequent transferee, was entitled to belated disclosures, or entitled to Donald's rights. Inasmuch as she acknowledges that she was aware of the loans and the mortgage which was recorded, and should have known of the existence of the future advance clause by examination of it, she can hardly consider herself as a bona fide purchaser, even if acquisition of the property by divorce settlement conferred upon her that right. As to this latter proposition, there is likewise no discussion. A bona fide purchaser is a purchaser who has parted with a consideration of value, has divested himself of some legal right, or has been otherwise induced to change his position. 25 I.L.E. *Sales of Realty* Sec. 101. None of these situations is involved in the award of property as the result of a divorce decree. Virginia cites no authority, and we have found none, for the proposition that failure to make disclosures would void the lien under the facts of this case.

Issue III: *Future Advance Clauses.*

Virginia argues that Donald did not intend, nor was he ever informed, that the future advance notes would be secured by the mortgage.

In *Wilson v. Ripley County Bank*, (1984) Ind.App., 462 N.E.2d 263, (transfer denied), we held that future advance clauses in mortgages were valid. We further held that bankruptcy does not prevent a secured creditor from enforcing a valid mortgage lien securing future advance notes on the mortgaged premises to the extent of the lien. *Wilson, supra,* at 266. Only personal liability is extinguished

by the discharge. Future advance provisions are valid even against a trustee in bankruptcy. A mortgage holder may pursue his lien in a non-bankruptcy forum, and unless the validity and existence of the lien is formally adjudicated adversely to the creditor in an adversary proceeding in the bankruptcy, the mere notice and filing of a claim, without more, does not effect res judicata of that issue. Here, there was no adjudication of anything in the bankruptcy forum, and the Bank was free to later foreclose the mortgage.

Relative to Donald's intent, we said in *Wilson:*

"As pointed out by the Wilsons, some cases have expressed certain limitations to the enforcibility of future advance clauses. One limitation occurs when there is no obligation on the part of the mortgagee to make future advances; they are optional. If the mortgagee has actual knowledge of subsequent encumbrances or conveyances of the mortgaged premises before making the advances, *his lien is not enforcible as against such subsequent encumbrances or conveyances. Brinkmeyer [v. Browneller,* (1876) 55 Ind. 487], *supra; Schmidt [v. Zahrndt,* (1897) 148 Ind. 447, 47 N.E. 335], *supra.* Another instance is that it is essential that the character of the debt and the extent of the encumbrances be defined with such reasonable certainty so as to preclude the parties from substituting other debts than those described, thereby making the mortgagee a mere cover for the *perpetration of fraud upon creditors. Bowen [v. Ratcliff,* (1889) 140 Ind. 393, 39 N.E. 860], *supra; New [v. Sailors,* (1888) 114 Ind. 407, 16 N.E. 609], *supra.* In the former case, the court used the language that 'whether the two notes named ... are secured by the mortgage can be determined by the evidence when the case is tried'. *Bowen, supra,* 140 Ind. at 398, 39 N.E. 860.

The limitations expressed in the above cases concern only the protection of subsequent creditors, transferees and encumbrancers who have no knowledge or notice of the future advance and have

nothing to do with the rights between the contracting parties. Here, there are no intervening transferees, encumbrancers, or creditors. Wilsons executed the mortgage containing the future advance clause and the future advance notes. There is no evidentiary material on hand which indicates that Wilsons were incompetent, that there was a mistake, or that the Bank misrepresented the transaction. The Indiana authorities are clear that future advance clauses are valid and the Bank, subject to the above mentioned limitations, has as valid a lien for the future advances as it does for the original note. The Wilsons are bound by their instruments and may not defeat them by a private, unexpressed intent." *Reagan v. Dugan*, (1942) 112 Ind.App. 479, 41 N.E.2d 841. *W.T. Rawleigh Co. v. Snider*, (1935) 207 Ind. 686, 194 N.E. 356.

*Id.*, at 269.

■ Inasmuch as Virginia cannot claim bona fide purchaser status because of her knowledge, the recording of the mortgage, and the fact that she was not a purchaser for value, she has no different standing than Donald through whom she derived title. Donald was bound by the instrument, and the Bank's documented rights may not be defeated by some private unexpressed intent. Contrary to her argument, she, not a party to the original instrument, was not entitled to disclosure. 15 U.S.C. § 1631. In support of the latter statement, it is seen in 15 U.S.C. § 1631 that where there are several obligors involved, only one is entitled to disclosure. There is no requirement of disclosure to subsequent transferees.

Finally, the trial court was privileged to disbelieve Donald's testimony protesting his lack of knowledge and intent in the effort to thwart the enforcement of a lien solemnly entered into.

Issue IV: *Clean Hands.*

■ Virginia finally argues that the Bank did not come to court with clean hands because of both its lack of disclosure to Donald as required by the Truth in Lending Act and its failure to inform Virginia upon her request of the outstanding balance of the debt. The Bank should not be permitted to enforce its lien, she continues, because it would create undue hardship.

We have disposed of the disclosure matter. The arguments concerning the applicability of the clean hands doctrine are equally unpersuasive. We fail to see what useful benefit would have accrued to Virginia had she been told the exact balance of the debts she knew existed. From the Bank's point of view, it was Donald's business and not her business. It became her business only upon the transfer at the time of the marriage dissolution. Virginia does not argue, or even suggest, that she intended to pay the balance of the debts or that she changed position in reliance on the bank's refusal to reveal that balance. Her position has been to defeat the lien in its entirety. Virginia makes no effort to tell us how she has been harmed by such nondisclosure.

The acts of the Bank here were a standard manner of enforcing a lien, on a loan entered into a good faith by it and Donald at a time remote to any interest in the real estate acquired by Virginia in the marriage dissolution. The Bank kept its part of the bargain and delivered the money to Donald, who spent it. Only when the Bank requests the Dicuses to perform their part, and repay the loan, do they belatedly discover inequities. We can even infer that Virginia, his wife, received some benefit, even if indirectly, from the loans. At best, the arguments Virginia relies upon are questionable, technical non-material omissions; and merely suggestion of error. She bears the burden of demonstrating reversible error, which she has not done.

For the above reasons, this cause is affirmed.

Judgment affirmed.

ROBERTSON and RATLIFF, JJ., concur.