**Max YANOFF, Appellant–Defendant,**

v.

**Glenn W. MUNCY, Paula J. Muncy, Citizens Fidelity Bank & Trust Co., Indiana k/n/a PNC Bank, Indiana, Inc., INB Banking Company k/n/a NBD, N.A., State of Indiana, Department of Revenue, Treasurer Of Clark County, Indiana and City of Jeffersonville, Indiana and The Trust of William T. Cavanaugh, Appellees–Plaintiffs.**

No. 10A05–9605–CV–198.

Court of Appeals of Indiana.

Feb. 12, 1997.

Daniel R. Marra, Jeffersonville, for Appellant–Defendant.

Stephen W. Voelker, Jeffersonville, for the Trust of William T. Cavanaugh.

## OPINION

SHARPNACK, Chief Judge.

Max Yanoff appeals the trial court's judgment setting out the priorities and amounts due to lienholders of real property owned by Glenn and Paula Muncy. Yanoff is seeking to collect on a mortgage owed by Glenn

Muncy after the plaintiff-appellee, the Trust of William Cavanaugh ("the Trust"), filed to foreclose a judgment lien on the Muncys. The dispositive issue for our review is whether the trial court erroneously determined that Yanoff was not entitled to recover the balance of the mortgage.[1] On cross-appeal, the Trust raises the sole issue of whether the trial court erroneously awarded Yanoff attorney's fees and back taxes. We affirm the trial court's judgment.

## Facts

The facts most favorable to the judgment follow. On May 17, 1989, Yanoff conveyed to Glenn Muncy a parcel of property in Jeffersonville, Indiana. In exchange, Muncy executed a mortgage to Yanoff securing a promissory note for $90,000.00. Pursuant to the mortgage, Muncy agreed to cover real estate taxes on the property and to pay attorney's fees in the event of a default.

On December 13, 1994, the Trust obtained a judgment against Glenn and Paula Muncy for $56,013.01. This judgment was a lien against all of the Muncys' real estate, including the property in Jeffersonville. On May 11, 1995, the Trust filed a complaint to foreclose the lien.

Prior to the foreclosure hearing, Yanoff's health began to fail, and his nephew, Irvin Steinberg, was given power of attorney. On June 23, 1995, a Kentucky judge determined that Yanoff was partially disabled in managing his financial affairs and wholly disabled in managing his personal affairs. As a result, the judge appointed Steinberg as Yanoff's guardian and limited conservator.

On January 15, 1996, the trial court conducted a hearing on the Trust's foreclosure complaint to determine the priority of the liens on the Muncys' real estate and the balance owed on the mortgages. During the hearing, Glenn Muncy testified that although he made payments on his mortgage for the property in Jeffersonville, he did not know the amount of the balance still owed to Yanoff. In addition, Steinberg testified that because taxes were not paid on the property, he issued a check on Yanoff's behalf to prevent a tax sale. Steinberg also stated that he did not know the amount of the balance which Muncy owed Yanoff.

On February 23, 1996, the trial court entered its finding of facts and conclusions thereon. In its judgment, the trial court determined that because Yanoff could not establish the balance owed on the mortgage, he was not entitled to a recovery. Instead, the court awarded Yanoff $3,600.28, the sum paid to avoid a tax sale, and $2,500.00 in attorney's fees. Both Yanoff and the Trust now appeal the judgment.

## I. Yanoff's Appeal

The dispositive issue for our review is whether the trial court erroneously determined that Yanoff was not entitled to recover the balance of the mortgage. Yanoff argues that the trial court erred in denying a recovery based upon its finding that Yanoff could not produce written evidence of the debt.

▪ At the outset, we note that neither party moved for the trial court to enter findings pursuant to Ind. Trial Rule 52. Because the court entered findings on its own motion, "the findings control only as to the issues they cover and a general judgment will control as to issues upon which the court has not found." *Mullin v. Mullin,* 634 N.E.2d 1340, 1341 (Ind.Ct.App.1994); *see Fowler v. Campbell,* 612 N.E.2d 596, 600 (Ind.Ct.App.1993). A general judgment entered with findings will be affirmed if it can be sustained upon any legal theory supported by the evidence. *Mullin,* 634 N.E.2d at 1341.

▪ When we review a trial court's findings, we apply a two tiered standard of review. *W & W Equip. Co. v. Mink,* 568 N.E.2d 564, 569 (Ind.Ct.App.1991), *reh'g denied, trans. denied.* First, we consider whether the evidence supports the findings. *Estate of Reasor v. Putnam County,* 635 N.E.2d 153, 158 (Ind.1994), *reh'g denied.* Findings are set aside only if they are clearly

---

1. In his brief, Yanoff also raised the issue of whether the trial court erroneously precluded his testimony during the foreclosure hearing. During the oral argument, appellant's counsel conceded this issue by asserting that Yanoff was not harmed by the trial court's decision to preclude his testimony. Accordingly, we need not further address this issue in our decision.

erroneous. *Id.* In determining whether findings are clearly erroneous, we consider only the evidence which supports the judgment. *Chidester v. City of Hobart,* 631 N.E.2d 908, 910 (Ind.1994). Findings are clearly erroneous only when the record does not contain any facts to support them either directly or by inference. *Reasor,* 635 N.E.2d at 158.

■ After we conclude that the evidence supports the findings, we next determine whether the findings support the judgment. *Id.* A judgment is clearly erroneous when unsupported by the findings of fact and conclusions thereon. *DeHaan v. DeHaan,* 572 N.E.2d 1315, 1320 (Ind.Ct.App.1991), *reh'g denied, trans. denied.* In applying this standard, we neither reweigh the evidence nor judge the credibility of the witnesses. *Matter of Estate of Banko,* 622 N.E.2d 476, 481 (Ind.1993), *reh'g denied.* Instead, we consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id.*

■ Yanoff first challenges the trial court's findings that "he was unable to establish the balance owed on his mortgage and could not produce a note or other evidence of debt." Appellant's brief, p. 24. In its findings, the trial court stated:

"Q. Max Yanoff was unable to establish the balance owed on his mortgage.

R. Max Yanoff never produced a note or other written evidence of a debt other than those set forth below."

Record, p. 177.

A review of the record reveals that there was sufficient evidence to support the trial court's findings. During the trial, Glenn Muncy testified that although he made payments on his $90,000 mortgage, he did not know how much he paid Yanoff. Muncy admitted that although he still owed Yanoff further payments on the mortgage, he could not "figure the figures out." Record, p. 270. Muncy produced an amortization schedule indicating his payments on the mortgage; this schedule was later admitted into evidence. Based on this schedule, Muncy testified that he made an initial payment of $10,-000.00 and then made regular payments on the mortgage. Muncy also stated that he made a cash payment of $15,000.00 on the mortgage and requested a credit of $15,-900.00 for repairs on the property. However, Muncy further testified that even after reviewing the amortization schedule, he did not know the balance owed on the mortgage.

Next, Steinberg testified that since his appointment as Yanoff's guardian in June of 1995, Muncy failed to make any payments on his mortgage. Steinberg also stated that he had not found a record of Muncy's cash payment. After reviewing Yanoff's records, Steinberg indicated that he could not determine the balance which Muncy owed Yanoff. Steinberg admitted that he could not find all of the records relating to Muncy's mortgage.

■ This evidence sufficiently supports the trial court's finding that Yanoff failed to establish the balance owed on the mortgage and that Yanoff did not produce the promissory note upon which the mortgage was secured. During the trial, Muncy produced a schedule of his payments, but stated that he could not calculate the amount he paid Yanoff. While Yanoff did admit the amortization schedule, such evidence did not establish the amount that Muncy still owed him. On review, we have no facts to determine that Yanoff established the balance owed on the mortgage. *See Reasor,* 635 N.E.2d at 158. Accordingly, we cannot say that the trial court's findings are clearly erroneous.[2] *See id.*

---

**2.** We note that the dissent argues that there is sufficient evidence in the record to establish the minimum balance owed on the promissory note. The dissent contends that the balance owed can be determined by establishing the beginning balance, adding the interest, and then subtracting Muncy's payments. The dissent does not calculate this number, but merely asserts that "the trial court was able to determine the minimum balance owed on the promissory note and should have awarded Yanoff that amount." Slip op. 3.

Essentially, the dissent has placed the burden on the trial court rather than Yanoff to calculate the balance owed. However, such a requirement contravenes the well settled rule that the mortgagee has the burden of proving the debt owed. *See Bowen v. Ratcliff,* 140 Ind. 393, 398, 39 N.E. 860, 862 (1895) ("The rule in this class of cases is that the mortgagee is entitled to recover only so much as he shows affirmatively is due. Any doubt or uncertainty should operate against the

Yanoff next argues that the trial court's judgment is not supported by its findings. Yanoff asserts that the court erroneously denied him a recovery on the basis that he could not produce the promissory note.

Recently, we have held that the introduction of a promissory note establishes a *prima facie* case for the recovery on an indebtedness. *American Management, Inc. v. MIF Realty,* 666 N.E.2d 424, 430–431 (Ind.Ct.App. 1996). However, a party may still enforce an instrument even when he no longer has possession of that instrument. I.C. § 26–1–3.1–301. In such a case, the party not in possession of the instrument is entitled to enforcement when he meets the statutory requirements of I.C. § 26–1–3.1–309. This statute provides:

"(a) A person not in possession of an instrument is entitled to enforce the instrument if:

(1) The person was in possession of the instrument and entitled to enforce it when loss of possession occurred;

(2) The loss of possession was not the result of a transfer by the person or a lawful seizure; and

(3) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amendable to service of process.

(b) *A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument.* If that proof is made, IC 26–1–3.1–308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against the loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means."

I.C. § 26–1–3.1–309 (emphasis added).

During the trial, the parties failed to present any proof of the promissory note. *See FDIC v. Skotzke,* 881 F.Supp. 364, 367 (1994) (holding that in an action to recover on a promissory note, the holder may present a copy of the note to prove that it has been executed and that it is past due); *see also Mechanics Laundry & Supply, Inc. v. Wilder Oil Co.,* 596 N.E.2d 248, 253 (Ind.Ct.App. 1992), *reh'g denied, trans. denied.* Although the mortgage securing the promissory note was admitted into evidence, the mortgage document did not indicate the terms of the note or the rights of enforcement. *See Paulausky v. Polish Roman Catholic Union,* 219 Ind. 441, 452, 39 N.E.2d 440, 445 (1942) (holding that although the mortgage and the promissory note are construed as one contract, the mortgage is not a necessary part of the note). Because Yanoff did not prove the terms of the promissory note or his right of enforcement, he failed to show that he was entitled to a recovery on the note. *See* I.C. § 26–1–3.1–309. Accordingly, since the trial court's judgment denying Yanoff a recovery was supported by its findings, we cannot say that the judgment was clearly erroneous. *See DeHaan,* 572 N.E.2d at 1320.

## II. *The Trust's Cross–Appeal*

The sole issue raised on cross-appeal is whether the trial court erroneously awarded Yanoff attorney's fees and back taxes. Because the trial court found that Yanoff failed to produce evidence of the debt, the Trust asserts that the court had no grounds to award attorney's fees and back taxes.

However, the Trust has not developed a cogent argument to support such an assertion. In fact, the Trust raises an alternative argument which suggests that the trial court properly awarded Yanoff attorney's fees and back taxes. In addition, the Trust provides no authority in support of its cross-appeal. Because the Trust failed to develop a cogent argument with adequate citation of authority, it waived review of this issue pursuant to Ind. Appellate Rule 8.3(A)(7). *See Keller v.*

mortgagee and not in his favor."). Therefore, contrary to the dissent's contention, the trial

court was not required to calculate the minimum balance owed.

*State,* 549 N.E.2d 372, 373 (Ind.1990); *Allstate Ins. Co. v. United Farm Bureau Mut. Ins. Co.,* 618 N.E.2d 31, 35–36 (Ind.Ct.App. 1993). Accordingly, we need not address the merits of the Trust's challenge.

 As a final matter, the Trust requests sanctions pursuant to App.R. 15(G), which provides: "If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten per cent (10%) upon the judgment, in money judgments, and in other cases the discretion of the court; and the court shall remand such cause for execution." When reviewing a request for sanctions against the appellant, we must use extreme restraint to avoid causing a "chilling effect upon the exercise of the right to appeal." *Orr v. Turco Mfg. Co.,* 512 N.E.2d 151, 152 (Ind.1987). As such, a discretionary award of damages is only proper when "an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Id.*

Here, the Trust asserts that "Yanoff made material misstatements of the record sufficient to find Yanoff's arguments frivolous." Appellee's brief, p. 11. Although Yanoff's brief contains numerous deficiencies as the Trust suggests, these deficiencies do not rise to the level warranting sanctions. *See Orr,* 512 N.E.2d at 152. Therefore, such sanctions are inappropriate for this case.

For the foregoing reasons, we affirm the judgment of the trial court in all respects. AFFIRMED.

HOFFMAN, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

Since I believe the evidence in the record clearly establishes the existence of a valid and unpaid promissory note, I respectfully dissent. The record in the present case reveals that Yanoff held a valid purchase money mortgage, executed by Muncy, to secure a promissory note for $90,000. The record further reveals, and the parties agree, that Yanoff's mortgage had priority over the Trust's lien and that Muncy had not completely paid the note. R. at 239, 266. Nevertheless, the majority concludes that Yanoff is not entitled to recover any of the debt because Yanoff had not "established the balance owed on the mortgage" or the other terms of the promissory note. Slip op. at 6. I disagree.

As the majority notes, a party may enforce an instrument, even when he no longer has possession of it, provided he demonstrates the terms of the instrument and his right to enforce it. I.C. § 26–1–3.1–309(b). In the present case, the majority determines that, notwithstanding the mortgage document, the amortization schedule and Muncy's testimony, Yanoff failed to establish the terms of the note. Specifically, the majority relies on Muncy's testimony that he made payments outside the amortization schedule to conclude that the balance on the note could not be accurately determined.

However, I believe that the evidence in the record is more than sufficient to establish the balance remaining on the loan. It is undisputed that the mortgage in the present case secured a $90,000 promissory note from Muncy to Yanoff, which was to be re-paid over 120 months. According to Muncy, the annual interest rate on the note was 10 percent. R. at 257. At the hearing, Muncy also testified, and his amortization schedule shows, that he began making monthly payments of $1,189.36 on the promissory note in June, 1989. R. at 250, 280 Before defaulting, he made seventy-one monthly payments on the note, leaving a balance of $47,685.79. R. at 274, 280. Additionally, Muncy testified that he made principal payments on the note of $5,000 in August, 1990, and $10,000 in April, 1991.[3] R. at 254, 280. Nothing in the record indicates that Muncy paid off the

---

3. Although Yanoff contests whether Muncy made all the claimed principal payments, he presented no evidence to dispute Muncy's testimony. Therefore, for purposes of computing the minimum balance remaining on the note, I presume that Muncy made all the payments to which he testified.

remainder of the note.[4] In sum, the evidence clearly establishes the beginning balance of the note, the interest rate, the number and amount of payments and the dates of the payments. As a result, the trial court was able to determine the minimum balance owed on the promissory note and should have awarded Yanoff that amount.[5]

In the interests of justice, this court has often said that form should not be exalted over substance. *See, e.g., Binninger v. Hendricks County Bd. of Zoning Comm'rs,* 668 N.E.2d 269, 272 (Ind.Ct.App.1996) ("Rather than exalt form over substance, this Court will uphold its long-standing policy that ... justice should not be defeated by technicalities"). By acknowledging the existence of a valid debt, but denying Yanoff recovery on the grounds that he has not established its exact terms, the majority does precisely that. I would reverse the judgment and remand with instructions for the trial court to recalculate the interest and principal due on the promissory note and find a priority in favor of Yanoff in such an amount.

---

4. Muncy also claims that he is due a credit against the debt for $15,900 in expenses he paid for roof and ceiling repairs. However, while Muncy testified that Yanoff agreed to reduce his debt for roof repairs, he admitted that Yanoff did not agree to credit his account for ceiling repairs. R. at 269. Additionally, according to the mortgage, Muncy agreed to "maintain the property in its present condition of repair...." R. at 236. Due to this conflicting evidence, whether Muncy would be entitled to a credit for the roof and ceiling repairs is a question for the factfinder.

5. I also note that prior to the foreclosure hearing, Muncy and Yanoff entered into an agreed judgment, which the trial court approved on January 12, 1996, in which Muncy admitted that he still owed Yanoff $45,000 on the promissory note, $2,500 in attorney fees and $3,600.28 in real estate taxes. R. at 154–156. Although the trial court later determined that the Trust was not a party to the agreement and, therefore, not bound by its terms, Muncy was a party to the court-approved agreement. As a result, I would find that Muncy was estopped from testifying that he was not sure of the balance on the note or suggesting that he was due further credits because his assertions were contrary to his admissions in the court-approved judgment. *See Abex Corp. v. Vehling,* 443 N.E.2d 1248, 1255 (Ind.Ct.App.1983) (seller estopped from denying that it entered into a binding agreement with buyers since seller contended in its complaint that buyers breached contract). However, even assuming that the agreed judgment was inadmissible, the evidence in the present case is sufficient to calculate the minimum balance owed on the note.