[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The case in question is a foreclosure action seeking foreclosure of the mortgage in issue, possession of the premises and a deficiency judgment. Originally, Andrew Daruka, Ann Daruka and the United States of America were defendants. The initial complaint dated January 26, 1989 clearly states that only Andrew Daruka was the mortgagor and only he signed the promissory note as the borrower. It further states that Ann Daruka's interest in the foreclosure action came by way of a lis pendens. The Disclosure of Defense filed by Ann Daruka on April 10, 1989 states that "The only signatory to the note evidencing the obligation is Andrew Daruka who is solely responsible for any monies which may be due and owing, to the exclusion of defendant Ann Daruka, who is not an obligor with respect to the plaintiff." Subsequently, on October 12, 1990 the plaintiff withdrew its action against Andrew Daruka and thereafter on October 15, 1990 filed the amended complaint, wherein it repeated the facts regarding the origin of the obligation, but added that Ann Daruka now has an interest in the property by virtue of a quit-claim deed recorded August 8, 1990 on the Easton land records. In response, the defendant, Ann Daruka, filed a special defense that plaintiff's assignor, The Prudential Insurance Company of America, the original mortgagee violated the Federal Truth Lending Laws in regard to the transaction.
The plaintiff has moved to strike this special defense on the ground that Ann Daruka was not the consumer who borrowed the money, signed the note or gave the mortgage and therefore it was under no obligation to give her any disclosures. It argues that a subsequent title holder has "no right or standing to assert a supposed Federal Truth Lending Laws violation when title holder was not the consumer in the original transaction."
The defendant responds by claiming that Practice Book 154 was not complied with in that the reason for the insufficiency was not set forth in the motion itself. She further argues[1]
that the motion relies on factual assertions that can only be provided by evidence and that by attaching the note and mortgage as Exhibits A and B to its motion the plaintiff transfers its motion to a "speaking motion" which is improper. CT Page 4234
A motion to strike tests the legal sufficiency of a pleading. Conn. Practice Book 152 (rev'd to 1978, as updated to Oct. 1, 1990). If the plaintiff's complaint contains the necessary elements of a cause of action it will survive a motion to strike. D'Ulisse-Cupo v. Bd. of Directors, 202 Conn. 206,218-19 (1987). A motion to strike admits all well-pleaded facts. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The court may not look outside the pleadings for facts not alleged, Cavallo v. Derby Savings Bank, 188 Conn. 281, 286 (1982), and must construe the facts in the manner most favorable to the non-movant. Rowe v. Godou, 209 Conn. 273, 278 (1988).
Paragraph 7 of the complaint alleges the manner by which Ann Daruka obtained an interest in the property. It is perfectly clear that she was not the one to sign the note or mortgage. Even the defendant admits this in her answer. Therefore, this is not "a speaking motion" and the plaintiff has not had to rely on information outside the complaint. Gordon v. Bpt. Housing Authority, 208 Conn. 161, 170 (1988).
The argument that failure to comply with Practice Book 154 is equally flawed. See, Rowe v. Godou, 209 Conn. 273, 275
(1988) wherein the Supreme Court agreed with the Appellate Court's assessment that failure to comply with Practice Book 154 did not render it totally defective. "The Appellate Court held that the motion as supplemented by the memorandum of law was adequate to submit to the court the material issue concerning the alleged flaw in the plaintiff's complaint and was, therefore, sufficiently specific to comply with Practice Book. 154". Id.
The issue then that is squarely before the court as raised by the plaintiff's motion to strike is: Can the defendant assert a purported truth-in-lending violation as a defense when she did not borrow the money, sign the note or give the mortgage? Examination of the Truth-in-Lending Act (15 U.S.C. § 1601
et seq.) reveals one case of consequence. Dicus v. Ripley County Bank, Osgood, Indiana, 471 N.E.2d 1257 (Ind.App. 1 Dist. 1984). In that case the court held that any failure by the bank to make appropriate truth-in-lending disclosures in 1975 to her former husband when the mortgage was executed was no defense on the part of the defendant wife who acquired the secured premises as part of the divorce settlement to a foreclosure action. Mrs. Dicus argued that when the bank entered into the loan and mortgage transactions it failed to comply with the Truth-in-Lending Act, 17 U.S.C. § 1601 et seq. and the regulations thereto, by not disclosing to her ex-husband the realities of the future advance clauses. Aside from disagreeing with her about the consequences and remedies provided by the act for lack of compliance, the court CT Page 4235
 "inferred that the drafters of the act intended that rights thereunder were personal and did not attach themselves to the mortgage on real estate. . . . Further, Virginia was not a party to any of the loans and was not entitled to disclosure under the act. She had made no attempt to demonstrate to us how she, as a subsequent transferee, was entitled to belated disclosures, or entitled to Donald's rights." Id. at 1260.
Moreover, she was found not to be a bona fide purchaser.
 A bona fide purchaser is a purchaser who has parted with a consideration of value, has divested himself of some legal right, or has been otherwise induced to change his position. 25 I.L.E. Sales of Realty Sec. 101. None of these situations is involved in the award of property as the result of a divorce decree. Virginia cites no authority, and we have found none, for the proposition that failure to make disclosures would void the lien under the facts of this case. Id. at 1260.
Based upon the above discussion and analysis on which this court cannot improve, the motion to strike is hereby granted.
KATZ, JUDGE