Rockingham, }
  Dec., 1895. }

STAVERS *v.* PHILBRICK.

A mortgage of real estate executed and delivered on the day preceding the assumption of the liability secured thereby, is not given to secure future advances, within the meaning of P. S., c. 139, s. 3.

A mortgage intended to secure future advances is not invalid as a security for debts and liabilities existing at the time of its execution.

A mortgage made to secure an indorser of a promissory note, subsists as security for the mortgagee's liability as indorser of other notes given in renewal of or substituted for the original note.

WRIT OF ENTRY. Facts agreed. September 7, 1882, the plaintiff took from Alfred Stavers a mortgage of the demanded premises, conditioned to be void if Alfred should pay his promissory note of even date for $5,000, save the plaintiff harmless from his indorsement of Alfred's other note for $10,000, and "pay at maturity all sums for which said John [the plaintiff] may be liable as the indorser of said Alfred." The two notes specially described were never executed. September 8, 1882, the plaintiff indorsed Alfred's note for $4,000 for the accommodation of Alfred, who on the same day obtained the money on the note from a bank. January 11, 1883, the note was taken up and a similar note for $6,000, indorsed by the plaintiff, was substituted in its place, and Alfred received the additional $2,000. For this note, at its maturity, another like note for the same amount was substituted at the bank. As a result of these and similar substitutions, the bank now holds Alfred's note for $6,000, indorsed by the plaintiff. Alfred is insolvent. The mortgage to the plaintiff was recorded September 11, 1882. The defendant claims title under a mortgage of the demanded premises given by Alfred in 1891.

*Samuel W. Emery,* for the plaintiff.

*Frink & Marvin,* for the defendant.

CARPENTER, J. The execution and delivery of the mortgage upon one day and the mortgagee's assumption on the next day of the liability which it was intended to secure, must be regarded as parts of the same transaction. Until the indorsement of the note by the plaintiff, the mortgage, though previously delivered, had no legal existence. It and the liability it was made to secure took effect at the same instant. The plaintiff's obligation to pay

the $4,000 note was not "made or contracted after the execution and delivery of the mortgage," within the meaning of the statute. P. S., c. 139, s. 3; *Weed* v. *Barker*, 35 N. H. 386, 388; *Richards* v. *Railroad*, 44 N. H. 127, 137, 138.

If the mortgage was intended to secure future advances or liabilities to be thereafter incurred, and it is broad enough in terms to cover them, it is not for that reason rendered invalid as a security for debts or liabilities existing at the time of its execution. *North* v. *Crowell*, 11 N. H. 251; *Johnson* v. *Richardson*, 38 N. H. 353, 355; *Page* v. *Ordway*, 40 N. H. 253; *Abbott* v. *Thompson*, 58 N. H. 255.

The plaintiff's liability as indorser of the note for $4,000 is sufficiently described in the condition. *Benton* v. *Sumner*, 57 N. H. 117; *Barker* v. *Barker*, 62 N. H. 366.

The condition of the mortgage has not been performed. The renewal of the note, or the substitution of another like note in its place, was not a payment, in the absence of an agreement to that effect. The note for $6,000 is, to the extent of $4,000, a mere change in form of the original indebtedness, and the plaintiff's liability thereon as indorser is to the same extent a renewal or continuation of his original liability. It may be considered that by the non-payment of the $4,000 note at its maturity, there was a breach of the condition of the mortgage that has not been satisfied; or that the mortgage subsists as a security for the plaintiff's indorsement of the substituted note to the amount of $4,000. Whichever view is taken, the plaintiff is entitled to a conditional judgment for the sum of $4,000. *Elliott* v. *Sleeper*, 2 N. H. 525; *Bank* v. *Willard*, 10 N. H. 210; *Williams* v. *Little*, 12 N. H. 29; *Cutter* v. *Emery*, 37 N. H. 567, 577; *Strachn* v. *Foss*, 42 N. H. 43; *Weymouth* v. *Sanborn*, 43 N. H. 171, 172; *Ladd* v. *Dudley*, 45 N. H. 61, 65; *Wood* v. *Lord*, 51 N. H. 448, 454.

After the foregoing opinion was prepared, an amendment of the case was furnished, stating that "there was a note for $5,000 such as is described in the condition of the mortgage from Alfred" to the plaintiff, and that it has been paid. Consistently with the facts stated in the amendment, the note may have been executed and delivered at the time when the indorsement of the $4,000 note was made. If such was the fact, the result would not be affected. What effect it might have if it were made and delivered with the mortgage on the previous day, we are not now required to determine. *Stearns* v. *Bennett*, 48 N. H. 400; *Abbott* v. *Thompson*, 58 N. H. 255; *Fessenden* v. *Taft*, 65 N. H. 39.

*Judgment for the plaintiff.*

All concurred.