## LEADER PUBLISHING COMPANY ET AL. *v.* GRANT TRUST AND SAVINGS COMPANY, TRUSTEE.

[No. 21,486.   Filed April 8, 1910.   Motion to modify mandate overruled May 10, 1910.]

1.  MORTGAGES.—*Chattels.—Forfeiture.— Foreclosure.— Election.*— Where a chattel mortgage upon a publishing plant provides a method of disposing of the property, on default of payment, without resort to the courts, as well as by foreclosure, the mortgagee may elect to pursue the former method, or foreclose the mortgage in court.  p. 198.

2.  MORTGAGES.— *Trustees.— Notice of Default.— Presumptions.*— Where a mortgage provided that, upon default of the mortgagor, a majority in interest of the bondholders might elect to have the whole amount to mature immediately by notifying the trustee in writing of such election, the trustee is not required to take notice of a default until notified, the presumption being that no default occurred.  p. 198.

3.  MORTGAGES.— *Foreclosure.— Trustees.— Bondholders.*— A complaint for the foreclosure of a mortgage executed to a trustee to secure the payment of certain bonds to be issued, and for a personal judgment against certain defendants upon a guaranty of certain bonds issued by defendant mortgagor, which fails to allege that any bonds were issued thereafter, or that the guaranty

attached to the bonds, was upon bonds issued under such mortgage, is bad, the bonds issued pursuant to the mortgage being the primary obligation, and the mortgage being incidental.   p. 198.

4.   MORTGAGES.— *Foreclosure.*— *Trustees.*— *Bonds.*— *Issuance of.*— *Presumptions.—Complaint.*—A complaint alleging that defendant executed a mortgage to the plaintiff, as a trustee, to secure certain bonds to be issued, and praying for a foreclosure of such mortgage, raises no presumption that such bonds were ever executed, and is insufficient, the mortgage in the absence of bonds issued thereunder being ineffective.   p. 199.

5.   MORTGAGES.—*Bonds.—Default.—Election to Take Advantage of.* —*Complaint.*—A complaint alleging that defendant executed a mortgage to secure certain bonds, that upon a default in the payment of interest, a majority in amount of the bondholders filed a written election with the trustee electing to foreclose such mortgage, as provided for in the mortgage, sufficiently shows an election to enforce such option.   p. 200.

6.   MORTGAGES. — *Maturity.* — *Optional Provisions.* —A mortgagor may stipulate that upon a certain contingency the mortgage shall become due and payable before the day fixed for such maturity.   p. 201.

7.   MORTGAGES.—*Bonds.—Personal Judgment.—Complaint.*—A complaint to recover a personal judgment upon bonds issued pursuant to a mortgage, or upon a stipulation in the mortgage to pay the bonds issued, must set out such bonds, and allege that they were issued in accordance with the provisions of such mortgage.   p. 201.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Suit by the Grant Trust and Savings Company against the Leader Publishing Company and others.   From a decree for plaintiff, defendants appeal.   *Reversed.*

*Woodson S. Marshall* and *John A. Kersey,* for appellant. *W. H. Carroll, George D. Lindsay* and *C. N. Hardy,* for appellee.

JORDAN, J.—This suit was instituted in the court below to recover a personal judgment against appellants Leader Publishing Company and William B. Westlake, to foreclose a chattel mortgage alleged to have been executed by appellant Leader Publishing Company to appellee, as trustee, to secure the payment of certain bonds.   Separate demurrers for want

of facts by each of defendants were overruled to the complaint. The answer was a general denial. There was a trial by the court, and a personal judgment for $32,345, including $500 as attorneys' fees, rendered against appellant Leader Publishing Company. A foreclosure of the mortgage was decreed, and the court appointed a receiver to take charge of the mortgaged property. Appellants separately moved for a new trial. These motions were denied. A motion to modify the judgment was also overruled.

The errors relied on for reversal are based upon the foregoing rulings of the lower court.

The complaint is in one paragraph, and it alleges that on May 6, 1908, the Leader Publishing Company, a corporation of the State of Indiana, and William B. Westlake, of Marion, Grant county, Indiana, executed to plaintiff, the Grant Trust and Savings Company, a corporation, as trustee, a certain mortgage, to secure the issue of eighty bonds in the principal sum of $30,000, with interest coupons attached thereto, bearing interest at six per cent, payable semiannually, said bonds to mature on July 1, 1917; that this mortgage was recorded in the recorder's office of Grant county, Indiana, on May 6, 1908, and that a copy thereof is filed with the complaint and made a part thereof.

It is further alleged that plaintiff accepted the trust, authenticated the bonds, and distributed them to several persons, and that "a copy of one of said bonds is contained in the mortgage filed herewith and made a part of this complaint, save that twenty of the bonds are in the principal sum of $1,000 each, ten of them in the principal sum of $500 each, and fifty of them in the principal sum of $100 each, with appropriate changes in the interest coupons attached thereto;" that defendants defaulted in the payment of the interest on said bonds for a period of ninety days; that the holders of sixteen of said bonds in the principal sum of $16,-000, being a majority in interest, gave notice to plaintiff, as trustee, by a written instrument, as provided in said mort-

gage, of said default, and that they elected, under the terms of the mortgage, to regard the principal and interest of said sixteen bonds in the principal sum of $16,000 and interest in the sum of $480 as due and payable; that the principal and interest of the said eighty bonds, in the principal sum of $30,000 and interest in the sum of $900, are now due and unpaid. Certain facts are set out to show a right for the appointment of a receiver.

There are also averments to show that defendant Westlake guaranteed in writing the principal and interest of said bonds, thereby making himself personally liable for the payment thereof.

The prayer of the complaint is: "Wherefore plaintiff sues and demands judgment against defendants, Leader Publishing Company and William B. Westlake, separately and severally, in the sum of $31,500, with accrued interest on said bonds, that said mortgage, executed by defendant Leader Publishing Company be forthwith foreclosed, and that a receiver be appointed for said Leader Publishing Company, to take charge of the property of said Leader Publishing Company, secured by said mortgage," etc.

The mortgage begins as follows:

"This indenture, made this 1st day of July, 1907, between the Leader Publishing Company, a corporation of the State of Indiana, and the Grant Trust and Savings Company, a corporation of the State of Indiana, as trustee, party of the second part, the Grant Trust and Savings Company being also hereinafter termed the trust company, witnesseth that, whereas, the mortgagor has deemed it necessary to borrow money for its corporate purposes, and to issue its bonds therefor, and to mortgage its property hereinafter described to secure the payment thereof, and to that end its board of directors has duly directed the issue of a series of bonds for the aggregate principal sum of $30,000, payable July 1, 1917, bearing interest at the rate of six per cent per annum, payable on the first days of January and July of each year, said bonds to be signed by its president, sealed by its corporate seal, attested by

its secretary, authenticated by the certificate of the Grant Trust and Savings Company, and to have interest coupons attached, with the signature of its present treasurer written thereon, which bonds, coupons and certificates are to be substantially in the forms following, respectively, save that twenty of the bonds are to be issued for the principal sum of $1,000, ten for the principal sum of $500, and fifty for the principal sum of $100, with the appropriate changes in the coupons attached thereto.''

Here the mortgage sets out a copy of the bond contemplated to be issued by the Leader Publishing Company, the date of issue being July 1, 1907, as follows:

"For value received, the Leader Publishing Company, a corporation organized and authorized to transact business in the city of Marion, Grant county, Indiana, under and by virtue of the laws of the State of Indiana, promises to pay to the bearer the sum of $1,000, as hereinafter provided, together with interest at the rate of six per cent per annum, payable semiannually on the first days of January and July of each year, on presentation and surrender of the annexed coupons as they severally become due. Both the principal and the interest are payable at the office of the Grant Trust and Savings Company in the city of Marion, Indiana. This bond is one of eighty, numbered consecutively one to eighty, both inclusive. The first twenty, numbered from one to twenty, each inclusive, are for $1,000 each. The next ten, numbered twenty-one to thirty, each inclusive, are for $500 each. The next fifty, numbered thirty-one to eighty, inclusive, are for $100 each.''

Here follows a further description of the bonds, which are to be issued. A copy of the coupon bond for $30, in form as prescribed in the mortgage, is as follows:

"On January 1, 1908, the Leader Publishing Company will pay to bearer $30 at the office of the Grant Trust and Savings Company, in Marion, Indiana, without deduction for taxes, upon surrender of this coupon, same being interest due this day upon this first mortgage bond.''

The trustee certifies that this bond is one of a series of bonds mentioned and described in the mortgage before referred to. The mortgage then proceeds:

"And, whereas, the execution, issue and delivery of said bonds and coupons and of this indenture to secure the payment thereof have been duly authorized by the board of directors and the stockholders of the mortgagor."

Then follow other provisions and a description of the property mortgaged.

By section one of the first article in the mortgage it is provided:

"Bonds for the aggregate principal amount of $30,000 shall be certified by the Grant Trust and Savings Company, upon the request of the mortgagor, at once or at any time or times hereafter, whether before or after the recording hereof, delivery to be made in accordance with the order or orders of the mortgagor, evidenced by a writing signed by its president or its treasurer."

Section two of this article provides:

"The bonds to be secured hereby shall be substantially of the tenor and effect hereinbefore recited; and no bond shall be secured hereby unless there shall be indorsed thereon the certificate of the Grant Trust and Savings Company, substantially in the form hereinbefore recited; and such certificate shall be conclusive evidence that the bond is duly issued and is secured hereby."

By section two of article two of the mortgage the mortgagor stipulates that it

"will pay the principal and interest of all the bonds duly issued hereunder, according to the terms thereof."

By section one of article four it is stipulated that

"if default shall be made in the payment in any interest hereby secured, and shall continue for ninety days, or if any default shall be made hereunder by the mortgagor, and such last-named default continue

for ninety days after notice to it from the trustee or any bondholder, then upon the election of the holders of the majority in interest of the bonds hereby secured and then outstanding, evidenced by an instrument or instruments in writing, signed by them and delivered to the trustee, the entire principal sum secured hereby, and the interest accrued thereon, shall become due and be immediately payable; and the mortgagor shall, upon the demand of the trustee, forthwith surrender to the trustee the actual possession," etc.

Under the provisions of the mortgage it is made optional with the trustee either to enforce it in the particular manner therein provided, or to foreclose the mortgage by a suit in court. Under its stipulations the trustee is not required to take notice of any default thereunder, unless specifically notified thereof in writing by one or more of the holders of bonds, and until so notified the trustee may assume that no default has occurred.

The argument presented by counsel for appellee is that the complaint is not based upon any of the bonds or interest coupons attached, but is predicated wholly upon the mortgage in suit, and the promise therein of the mortgagor to pay the principal and interest of the bonds. It is apparent from the general averments of the pleading— if it can be said to have any definite theory—that such theory is not only to foreclose the mortgage in question, but also to recover a personal judgment against defendants for the principal of the loan, as evidenced by the bonds and the interest as evidenced by the coupons attached, so far as such interest has accrued.

The personal judgment against the Leader Publishing Company is sought on the ground that it executed the bonds, and as against Westlake, its codefendant, for the reason that he was liable to a personal judgment on account of his having guaranteed the payment of the bonds in question.

This certainly is the theory which the trial court accorded to the complaint, for its judgment, except as to the defendant Westlake, responds to and awards the entire relief demanded

by the complaint. The only stipulation in the mortgage in respect to the payment of the indebtedness is that the mortgagor "will pay the principal and interest of all bonds duly issued hereunder according to the terms thereof." There is, however, an entire absence in the complaint of any reference to or mention of this stipulation in the mortgage, and there are no averments to show that appellee is basing its right to a personal recovery against the Leader Publishing Company, upon the promise to pay the bonds contained in the mortgage. It appears that Westlake had nothing whatever to do in the execution of the instrument in his personal or individual capacity. It is shown to have been executed by the Leader Publishing Company through Westlake, the company's president, and by O. M. Scarbrough, its secretary.

An examination of the complaint readily discloses that the contention of the appellee, that this suit is intended to be based alone upon the mortgage and the stipulation therein of the mortgagor to pay the principal and interest of the bonds issued thereunder, cannot be sustained. In fact, there is no averment in the pleading to show that any bonds were issued or executed by the mortgagor after the execution of the mortgage of the tenor and effect as prescribed in that instrument.

It has repeatedly been held by this court that a promissory note or other obligation of indebtedness secured by a mortgage is, in effect, the substance, and the mortgage is only the shadow. Or, in other words, the note is the principal and the mortgage only the incident. *Bayless* v. *Glenn* (1880), 72 Ind. 5; *Gabbert* v. *Schwartz* (1880), 69 Ind. 450; *Lilly* v. *Dunn* (1884), 96 Ind. 220. See, also, *Barry* v. *Snowden* (1901), 106 Fed. 571.

Consequently, in this case, the mortgage in question was a mere incident. If no bonds had been issued as the mortgage prescribed, then there was no indebtedness secured 4. thereby, and the stipulation therein of the mortgagor, under the circumstances, to pay the bonds according to their terms would be of no avail.

As argued by counsel for appellants, the mortgage was executed not to secure bonds that had already been issued, but to secure the payment of bonds thereafter to be issued as an evidence of the loan contemplated. In fact, counsel for appellee in their brief say: "It is true the mortgage does not recite the issue of the bonds, but describes bonds to be issued thereunder. * * * If no bonds were issued under it, defendants were bound to set that fact up in defense as against foreclosure. The presumption would be that, the mortgage having been executed, the bonds were certified and delivered to defendants, who negotiated them to various holders." No such presumption can be indulged in this case. If appellee has a case which justifies a recovery of a personal judgment against appellants and a foreclosure of the mortgage in suit, it must establish such a case by the averment of facts in its complaint, and by proving them by evidence upon the trial. The presumptions for which it contends cannot be indulged as a substitute for the averment of material facts.

If the mortgage, as shown by its provisions, and as virtually conceded by counsel for appellee, was executed to secure bonds which were to be issued in the future, then it would be essential for the complaint to disclose that the bonds contemplated by the mortgage had been executed or issued in effect as therein prescribed.

It is claimed by counsel for appellant that there is no sufficient allegation in the complaint to show that the right given by the mortgage to mature the bonds in advance 5. of the time fixed for their payment has been properly exercised by any of the bondholders. It will be noted that the mortgage provides that "if default shall be made in the payment of any interest hereby secured, and shall continue for ninety days, * * * then, upon the election of the holders of a majority in interest of the bonds hereby secured and then outstanding, evidenced by an instrument or instruments in writing, signed by them and delivered to the

trustee, the entire principal sum secured hereby and the interest accrued thereon shall become due and be immediately payable.''

The complaint alleges a default in the payment of interest on July 1, 1908, and a continuance of such default for ninety days thereafter, and that the holders of sixteen of the bonds, in the principal sum of $16,000, being a majority in interest of the bondholders, gave notice to the plaintiffs, as trustee, by a written instrument, as provided in said mortgage, of said default, and that they elected, under the terms of the mortgage, to regard the principal and interest of said sixteen bonds and the accrued interest of $480, due and payable. These allegations, we think, were sufficient to show, under the mortgage, an election to mature the bonded indebtedness in advance of the time fixed for its payment.

6. That the parties to this mortgage had the right therein to stipulate on what condition the mortgage indebtedness might be declared due and enforceable in advance of the time fixed for its payment, is a well-settled proposition. *Buchanan* v. *Berkshire Life Ins. Co.* (1884), 96 Ind. 510, 535; 2 Jones, Mortgages (6th ed.) §1177.

7. If appellee based its right to recover a personal judgment either upon bonds which had been issued and were outstanding and unpaid, or upon the stipulation in the mortgage to pay the principal and interest of all bonds duly issued thereunder according to the terms thereof, then the bonds, or coupons, relied on, or copies thereof, should have been filed with the complaint and made a part thereof; for it is manifest that if appellee relied for a recovery of a personal judgment, as it claims, upon the failure of appellants to comply with the stipulation contained in the mortgage to pay the bonds issued according to their terms, then such default should have been properly exhibited by the complaint. In support of the holding that the complaint should have disclosed that the bonds had been issued as prescribed by the mortgage, see *Robinson* v. *Cromelein* (1867),

15 Mich. 316; *Spader* v. *Lawler* (1848), 17 Ohio 371, 49 Am. Dec. 461; *Stavers* v. *Philbrick* (1895), 68 N. H. 379, 36 Atl. 16; *Brick* v. *Scott* (1874), 47 Ind. 299.

The mortgage involved in the case of *Spader* v. *Lawler, supra,* was to secure future advances. The court in that case, in considering the question, said: ''The debt is the principal, and the mortgage the surety, and a nullity without the debt.   *   *   *   The mortgage commences with the debt, and can have no effect previous. It ends with the same, and is without effect afterwards. A subsequent advancement, as to this, is the creation and beginning of the debt;   *   *   * yet for the purpose of securing the debt it commences with it, and cannot affect the mortgages of third persons, recorded in the meantime.''

If appellee relied upon the stipulation contained in the mortgage to pay the bonds, it certainly was essential to its right to recover thereon under its particular terms and provisions to show by its complaint that the bonds contemplated by this mortgage had been issued, and that appellant Leader Publishing Company had failed to pay such bonds, either in whole or in part, in accordance with its terms.

Upon no view can it be said that the complaint sufficiently states a cause of action, and demurrers thereto should have been sustained.

The judgment is therefore reversed and the cause remanded, with instructions to the lower court to sustain appellants' demurrer to the complaint, with leave to appellee to file an amended complaint, permit the parties to reform the issues in this case, and for further proceedings not inconsistent with this opinion.