PLUMMER & CO., INC., Appellant–Plaintiff Below,

v.

NATIONAL OIL & GAS, INC., Steve Sands, Andrea M. Sands, Elizabeth Ann Richards, Patricia Kroll, David R. Brelage, Treasurer of Town of Silver Lake, Standard Oil Company, American Oil Company Marathon Petroleum Company, and Rex L. Reed, Appellees–Defendants Below.

No. 43A03–9405–CV–184.

Court of Appeals of Indiana, Third District.

Nov. 10, 1994.

Transfer Denied March 16, 1995.

William S. Fawley, Paul D. Refior, Refior Law Office, Warsaw, for appellant.

Howard B. Sandler, Robert L. Nicholson, Beckman, Lawson, Sandler, Snyder & Federoff, Fort Wayne, for appellee.

## OPINION

STATON, Judge.

Plummer & Co., Inc. ("Plummer") appeal from the trial court's judgment to dismiss its foreclosure action. Plummer presents one restated issue for our review: whether the trial court erred in dismissing Plummer's complaint for failure to state a claim upon which relief could be granted.

We reverse and remand.

The facts most favorable to Plummer show that Plummer contracted to provide accounting services for defendants, Steven and Andrea Sands ("Sands"). Invoices reflected an outstanding debt of $24,000 for such services. Sands acknowledged the debt and executed an indemnifying mortgage of real estate in favor of Plummer as security for payment. Sands later refused to pay. Plummer brought a foreclosure action against Sands and all parties holding an interest in the real estate subject to the mortgage. The trial court granted National Oil & Gas, Inc.'s ("National") motion to dismiss.

In determining whether a complaint should be dismissed for failure to state a claim, facts alleged in the complaint must be taken as true. Dismissal is appropriate only where it appears that under no set of facts could plaintiffs be granted relief. *Thiele v. Ind. Dept. of Highways* (1985), Ind.App., 472 N.E.2d 1274, 1275.

The trial court dismissed Plummer's foreclosure action on the grounds that the mortgage was invalid because it did not contain a sufficient description of the underlying debt.

All mortgages must be secured by a debt. *Leader Publishing Co. v. Grant Trust & Savings Co.* (1910), 174 Ind. 192, 91 N.E. 498. The mortgage need not refer specifically to the amount of the indebtedness or the notes which evidence the debt. It only requires that the debt be described. *Commercial Bank v. Rockovits* (1986), Ind. App., 499 N.E.2d 765, 767, *trans. denied* (citing IND. CODE 32-1-2-15).

The description of a debt in a mortgage does not have to be literally accurate but "must be correct so far as it goes, and full enough to direct attention to the sources of correct information in regard to it, and be such as not to mislead or deceive, as to the nature or amount of it, by the language used." *Pioneer Lumber & Supply Co. v. First–Merchants Nat'l Bank of Michigan City* (1976), 169 Ind.App. 406, 410, 349 N.E.2d 219, 222, *trans. denied* (citing *Bowen v. Ratcliff* (1895), 140 Ind. 393, 397, 39 N.E. 860, 862). A reasonably certain description of the debt is required so as to preclude the parties from substituting debts other than those described for the mere purpose of defrauding creditors. *Pioneer, supra,* 349 N.E.2d at 222 (citations omitted).

In *Pioneer,* a homeowner gave a mortgage to a bank simultaneously with the homeowner's contractor executing a note payable to the bank. The mortgage named the homeowner as the maker of the note instead of the contractor. The court concluded that the inaccuracy of the maker did not render the mortgage invalid as there was no allegation of fraud and the mortgage accurately set forth the amount, execution date, maturity date, and the payee. *Pioneer, supra,* 349 N.E.2d at 223.

The mortgage at issue reads in pertinent part:

The said Mortgagee agrees to advance by way of a loan for accounting services the Mortgagor ... may from time to time desire within the period of six months from

the date hereof, not to exceed an aggregate principal amount of $24,000.... All of said advances are or will be evidenced by the principal promissory note or notes of borrower, payable to the order of mortgagee....

Record, p. 164.

The record reflects that the debt was not evidenced by a signed note. The trial court determined that the mortgage clearly secured a note not an open account and that "the mortgage as written, when backed up by a debt that's an open account ... is allowing for the substitution of other debts."[1] Record, p. 205. Because the debts could be substituted, the trial court dismissed Plummer's foreclosure action.

Plummer contends that dismissal was inappropriate because the mortgage sufficiently describes the indebtedness its secures. Plummer argues that the description of the debt in the mortgage should have been declared sufficient because it reflects the parties' intent that the mortgage be security for the unpaid accounting services.

 Review of the record reveals that the mortgage clearly set forth the amount of indebtedness, the parties, the basis for the debt, the execution date, and the maturity period.[2] Nothing in the record indicates that the purpose of the mortgage was to perpetrate a fraud on any creditors or that any party has relied to its detriment on the inaccurate description in the mortgage. Moreover, the trial court noted that there was no dispute as to Sands' obligation for the debt. Thus, the debt was "correct so far as it goes" and did not "mislead or deceive as to the nature or amount of it." *Pioneer, supra* 349 N.E.2d at 222.

Based upon the rationale in *Pioneer, supra*, we conclude that the mortgage sufficiently describes the debt and that the allegations set forth in Plummer's complaint can be objectively correlated to the debt referred to in the mortgage. Accordingly, the trial court erred when it dismissed Plummer's foreclosure action.

Reversed and remanded for further proceedings consistent with this opinion.

SHARPNACK, C.J., and HOFFMAN, J., concur.

---

1. The trial court explained:
   It would be easy to say that the first $24,000 are the ones [invoices] secured but on the other hand, if the first debt of that $24,000 [and] the first individual invoice is found invalid, then that allows you to apply ... the mortgage to secure another debt then because now you're below the $24,000, so you can take in the next debt and I don't think that can be done.
   Record, p. 206.

2. National contends that the mortgage is wholly inconsistent with the allegations in Plummer's complaint because the indebtedness described in the complaint is not the same as the indebtedness described in the mortgage and that the mortgage fails to reference the appropriate obligor. We disagree. The mortgage and the complaint both set forth the same amount of the debt [$24,000], the same parties [Plummer and Sands], and the same nature of the debt [payment for accounting services].